## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

## REPORT & RECOMMENDATION

Re:     Equipped LLC v. Dialectic Distribution, LLC
        Civil Action No. 2:18-cv-12394-SRC-CLW

This matter comes before the Court by way of the Court's Order to Show Cause as to whether this Court has federal subject matter jurisdiction over this action based on diversity of citizenship. (ECF No. 11). For the reasons set forth below, the Court finds that Defendant has failed to show cause as to why this Court has subject matter jurisdiction. Accordingly, the Court recommends that this case be **REMANDED** to the Superior Court of New Jersey, Middlesex County.

### Legal Standard

Under 26 U.S.C. § 1332(a)(1), federal courts have subject matter jurisdiction over cases between "citizens of different states" in which the amount in controversy exceeds $75,000. The proponent of federal subject matter jurisdiction bears the burden of establishing that the Court has diversity jurisdiction. *Kokkonen v. Guardian Life Incs. Co. of Am.,* 511 U.S. 375, 377 (1994). For diversity jurisdiction to exist, all plaintiffs must be citizens of different states than all defendants. The citizenship of a limited liability company is "determined by the citizenship of its members[.]" *Zambelli Fireworks Mfg. Co., Inc. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010).

### Discussion

Defendants removed this action from the Superior Court of New Jersey, Middlesex County, to this Court, based on federal diversity jurisdiction. (ECF No. 1). Both parties in this action are limited liability companies. On November 5, 2018, the Court issued an Order to Show Cause, finding that the Notice of Removal failed to properly assert the citizenship of the limited liability companies. Defendant submitted a certification in response to the Order to Show Cause. (ECF No. 12). Plaintiff also submitted a certification further detailing the citizenship of the two limited liability companies. (ECF No. 13).

The Court finds that Defendant has not met its burden of demonstrating diversity of citizenship. Based on the certifications submitted to the Court, both Plaintiff and Defendant were citizens of New Jersey when Plaintiff filed its complaint. Defendant is a limited liability company whose sole member is Zachary Zelter, a New Jersey citizen. (Def.'s Cert., ECF No. 12, ¶ 7). Therefore, Defendant is a New Jersey citizen.

Plaintiff is a limited liability company with four members: (1) Andy Sinha, (2) Gary Gopalani, (3) Elle and Sons LLC, and (4) Izzy Fischweicher. (Pl.'s Cert., ECF No. 13, ¶ 3). Andy Sinha and Gary Gopalani are individuals residing in New York. (*Id.* ¶ 5). Elle and Sons LLC is a limited liability company whose sole member, Yanky Lipsker, is an individual residing in New York. (*Id.* ¶¶ 4, 5). Therefore, Elle and Sons LLC is a New York citizen.

Plaintiff's final member – Izzy Fischweicher – defeats complete diversity in this case. Fischweicher "moved from New Jersey to New York on October 15, 2018." (*Id.* ¶ 9). The citizenship of parties is determined at the time the complaint is filed. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570, 124 S. Ct. 1920, 1923, 158 L. Ed. 2d 866 (2004)). Plaintiff filed the Complaint on April 23, 2018, when Fischweicher was still a New Jersey resident. (Pl.'s Cert., ECF No. 12, ¶ 6). Because one of Plaintiff's members was a New Jersey citizen at the time of filing, Plaintiff is a New Jersey citizen for diversity jurisdiction purposes.

Therefore, Defendant has not met its burden of demonstrating that Plaintiff is diverse from Defendant. This removed action should be remanded pursuant to 28 U.S.C. 1447(c), because the Court lacks subject matter jurisdiction. *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997) ("[W]hen a federal court has no jurisdiction of a case removed from a state court, it must remand" the case.).

## Conclusion

For the foregoing reasons, the Court recommends that this action be **REMANDED** to the Superior Court of New Jersey, Middlesex County.

Pursuant to Local Rule 72.1(c)(2), parties have 14 days from the date this report is filed with the Clerk of the Court to file and serve objections to this Report and Recommendation.

|  |  |
|---|---|
|  | *s/Cathy L. Waldor* |
| **Dated:   November 30, 2018** | **CATHY L. WALDOR** |
|  | **United States Magistrate Judge** |