# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUIPPED LLC, | |
| Plaintiff, | **Civil Action No. 18-12394 (SRC)** |
| v. | **OPINION** |
| DIALECTIC DISTRIBUTION LLC, | |
| Defendant. | |

**CHESLER**, District Judge

This matter was initiated by Order to Show Cause, issued by Magistrate Judge Waldor on, November 5, 2018, directing Defendant Dialectic Distribution LLC, ("Defendant") to show cause in writing why the above-captioned lawsuit should not be remanded to the Superior Court of New Jersey, Middlesex County. [ECF No. 11]. On November 30, 2018, Judge Waldor issued a Report and Recommendation ("R&R") that this matter be remanded. [ECF No. 14]. On December 12, 2018, Defendant submitted a timely objection to the R&R. [ECF No. 15]. The Court has reviewed the R&R and Defendant's objections, and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, the Court adopts the R&R in its entirety.

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" EEOC v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1) and citing Fed. R. Civ. P. 72(b)(3)). The district court may then "accept, reject or modify, in whole or in part, the findings or

recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Judge Waldor concluded that removal was improper because Defendant failed to meet its burden of demonstrating diversity of citizenship. This Court has reviewed the R&R under the appropriate standards. It agrees with Judge Waldor's analysis.

On May 23, 2018, Plaintiff filed this suit in the Superior Court of New Jersey, Law Division, Middlesex County. On August 2, 2018, Defendant removed the suit to this Court pursuant to 28 U.S.C. § 1441, claiming diversity jurisdiction under 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1441(a), any civil action over which "the district courts of the United States have original jurisdiction" may be removed from state court to federal court. In other words, section 1441 authorizes removal "so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." A.S. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014). A litigant removing an action pursuant to 28 U.S.C. § 1441 bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Because federal courts are courts of limited jurisdiction, removal statutes must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Samuel-Bassett, 357 F.3d at 396 (holding that 28 U.S.C. § 1441 is to be strictly construed against removal). Accordingly, the Third Circuit directs that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (holding that where a case is removed to federal court, all doubts concerning whether the Court has subject matter jurisdiction must be resolved in favor of remand).

It is well-established that diversity jurisdiction under § 1332(a) requires complete diversity, meaning that the citizenship of each plaintiff must be different than the citizenship of each defendant. Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 553-54 (2005) (discussing complete diversity rule to which the Court has adhered); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806) (holding that, for jurisdiction to attach under section 1332(a)(1), there must be complete diversity between all plaintiffs and defendants). The Supreme Court has held that "the presence in [an] action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil, 545 U.S. at 553; see also Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant.").

Plaintiff and Defendant are both LLCs in this action. "[T]he citizenship of an LLC is determined by the citizenship of its members." Zambelli Fireworks, 592 F.3d at 420. Upon removal, the burden was on Defendant to demonstrate that there is federal subject matter jurisdiction over the action. Samuel–Bassett, 357 F.3d at 396. It failed to do so. The Notice of Removal failed to provide any information regarding the citizenship of each member of the LLCs. Accordingly, Judge Waldor issued an Order to Show Cause, requiring Defendant to show cause as to whether diversity jurisdiction existed. Defendant submitted a certification in response, asserting its sole member is Zachary Zelter, a New Jersey citizen. [ECF No. 12]. Defendant's certification provided that Plaintiff is a New York LLC with four members, Izzy Fischweicher, Yanky Lipster, Andy Sinha, and Gary Gopalani. Defendant stated that "[a]ccording to Twitter, Izzy Fischweicher resides in New York," and that "[a]ccording to Facebook, Yanky Lipster resides in New York." [Id.] Defendant additionally provided that it was

informed by opposing counsel that the other two members were New York residents. Therefore, Defendants contend complete diversity exists.

Plaintiff also submitted a certification providing information about the parties' citizenship. [ECF No. 13]. Plaintiff asserted that although all four members currently reside in New York, at the time the Complaint was filed, on April 23, 2018, Izzy Fischweicher was in fact a resident of New Jersey. [ECF No. 13 ¶¶ 6-9]. Indeed, Mr. Fischweicher apparently did not relocate from New Jersey to New York until sometime on or about October 15, 2018. [Id. ¶ 9]. Accordingly, based on a factual record developed by the parties, Judge Waldor recommended that the matter be remanded to the state court due to a lack of complete diversity at the time of the filing of the Complaint.

Defendant now objects to the R&R and argues that Judge Waldor mistakenly relied on Plaintiff's representation that Mr. Fischweicher was a New Jersey resident at the time the Complaint was filed. [ECF No. 15]. Defendant submits that upon subsequent research, it learned "via a Westlaw People Finder Report that Izzy Fischweicher was a resident of New York at the time of the filing of the Complaint. Specifically, the Report reveals that, since 2015, Fischweicher has lived at 550 W 54th Street, Apt 1510, New York, NY 10019" and that this information is current through September 25, 2018. [Id. at 2]. Thus, Defendant asserts that Mr. Fischweicher was a citizen of New York art the time of the filing of the Complaint, and diversity jurisdiction indeed exists.

Despite Defendant's belated attempts to prove diversity jurisdiction, Defendant's Notice of Removal and later submissions to Judge Waldor were woefully insufficient to demonstrate Plaintiff's alleged New York citizenship on the date the Complaint was filed. The burden was on

4

Defendant to demonstrate subject matter jurisdiction. However, its showing was virtually nonexistent. It was not Plaintiff's burden to demonstrate diversity.

For the reasons discussed, the Court concludes that Defendant, the removing party, failed to sufficiently demonstrate that this Court has subject matter jurisdiction over the action. Pursuant to 28 U.S.C. § 1447(c), this case must be remanded to state court. Accordingly, this Court will adopt the R&R issued on November 30, 2018 [ECF No. 14] as the Opinion of the Court. An appropriate form of Order will be filed.

                                                        s/ Stanley R. Chesler
                                                 STANLEY R. CHESLER
                                                 United States District Judge

Dated: January 17, 2019